IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

EDUARDO TREVINO                §
    TDCJ-CID # 926058          §
v.                             §          C.A. NO. C-09-155
                               §
CANDACE MOORE                  §

## ORDER DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.[1]

Pending are Plaintiff's motions for a preliminary injunction, (D.E. 49), and a temporary

restraining order ("TRO"). (D.E. 52). Defendant Candace Moore has not filed a response. For

the reasons stated herein, Plaintiff's motions are hereby DENIED.

## I.  PROCEDURAL HISTORY

On June 22, 2009, Plaintiff filed this action raising civil rights claims against prison

officials at the McConnell Unit in Beeville, Texas. (D.E. 1). A Spears[2] hearing was conducted

on July 22, 2009. (D.E. 16). On August 5, 2009, an Order was entered to dismiss certain claims

and retain the case. (D.E. 23). The only claim retained was a retaliation claim against

Defendant, id., and service was accordingly ordered on her. (D.E. 25). Plaintiff filed his motion

for a preliminary injunction on September 25, 2009, (D.E. 49), and his motion for a TRO on

September 28, 2009. (D.E. 52).

---

[1] Upon consent of the parties, (D.E. 10, 38), this case was reassigned to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 41); see also 28 U.S.C. § 636(c).

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (testimony given at a Spears hearing is incorporated into the pleadings).

## II.  PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF

In his pending motions, Plaintiff requests that the Court enjoin Defendant to: (1) afford him at least 24 hours to review legal documents from the law library; (2) allow him to hold mutual legal conferences with other prisoners; (3) provide him with advance sheets or pocket parts, or otherwise apprise him of updates in the law; and (4) cease using "ATC-040" to threaten to confiscate his legal documents.[3]  (D.E. 49, 52).  These requests appear to be associated with his underlying claims of retaliation and denial of access to the court, even though the latter was dismissed.  (D.E. 23).

To obtain a preliminary injunction or TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure, the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest."  Affiliated Prof'l

---

[3] In his motions, Plaintiff requests an order enjoining various acts by Defendant as well as some non-parties.  However, there is a "general rule that a court may not enter an injunction against a person who has not been made a party to the case before it."  Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (Fed. Cir. 1996) (citing Scott v. Donald, 165 U.S. 107, 117 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit.")).  Indeed, courts have refused to issue injunctions against non-parties.  See U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors, LLC, 523 F. Supp. 2d 328, 334-35 (S.D.N.Y. 2007) (the court denied the defendant's motion for a preliminary injunction against the Federal Energy Regulatory Commission because it was not a party to the suit and it was not an "officer, agent, servant, employee, or attorney" of any party); see also Williams v. Platt, No. CIV-03-281-C, 2006 WL 149024 at *2 (W.D. Okla. Jan. 18, 2006) (unpublished) (the court denied the plaintiff's motion for an injunction noting that he had "not established a relationship between the preliminary injunction and the underlying civil rights claim, and he seeks to bind non-parties without any suggestion of active concert or participation by the named defendants").  Moreover, once a court has issued an injunction against a party, that injunction may only be enforced against non-parties that are officers, agents, servants, employees, or attorneys of a party, or ones that are in active concert or participation with such non-parties or the party itself.  Fed. R. Civ. P. 65(d)(2).  To be bound by an injunction, a "non-party must have constructively had his day in court."  Harris County, Tex. v. CarMax Auto Superstores Inc, 177 F.3d 306, 314 (5th Cir. 1999) ("the relevant inquiry is ... whether [the non-party] had such a *key role in the corporation's participation in the injunction proceedings that it can be fairly said that he has had his day in court in relation to the validity of the injunction.*") (citation omitted) (emphasis in original).

Accordingly, only the requests in Plaintiff's motions directed at Defendant and related to his underlying claims are considered.

Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam) (citation omitted); accord Libertarian Party of Tex. v. Fainter, 741 F.2d 728, 729 (5th Cir. 1984) (per curiam) (citation omitted); see also Parker v. Ryan, 960 F.2d 543, 545 (5th Cir. 1992) ("the requirements of rule 65 apply to all injunctions") (citation omitted).  Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. See Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997) (citation omitted). Failure to establish any of the four elements will result in the motion for injunctive relief being denied.  Guy Carpenter & Co. v. Provenzale, 334 F.3d 459, 464 (5th Cir. 2003) (citation omitted).  The movant has the burden on all four elements.  Id.

A.      **Plaintiff Fails To Establish A Substantial Likelihood Of Success On The Merits.**

Plaintiff claims in his complaint that Defendant denied him access to the law library because he filed grievances against Defendant in the past, and, in fact, had even filed a state court lawsuit naming her as a defendant.  (D.E. 1).  Now, in his motions, Plaintiff claims Defendant has also afforded him only half of the normal 24 hours to review legal documents from the law library, denied him from holding mutual legal conferences with other prisoners about their cases, ceased providing prisoners with advance sheets or pocket parts, and threatened to confiscate his legal documents pursuant to "ATC-040."  (D.E. 49, 52).

1.      **Plaintiff's retaliation claim does not satisfy the substantial likelihood test.**

A prisoner's First Amendment right of access to courts includes the right to seek redress through an established prison system.  See Jackson v. Cain, 864 F.2d 1235, 1248-49 (5th Cir. 1989).  Prison officials may not retaliate against a prisoner for exercising this right.  Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995) (citations omitted).  Because it is well established that

3

prison officials may not retaliate against a prisoner for exercising the right to file lawsuits and administrative grievances, actions that might not otherwise be offensive to the Constitution can give rise to a constitutional claim if taken in retaliation for the exercise of the protected conduct. Id. at 1165 ("an action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate") (citations omitted).

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (per curiam) (citing McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir. 1998)).  To satisfy the causation prong, the adverse act must not have occurred but for the retaliatory motive.  McDonald, 132 F.3d 231 (citing Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997)).  An inmate must allege more than his personal belief that he is the victim of retaliation.  Johnson, 110 F.3d at 310 (citation omitted).  "Mere conclusory allegations of retaliation will not withstand a summary judgment challenge."  Woods, 60 F.3d at 1166 (citation omitted).  The Fifth Circuit has explained that an "inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may be plausibly inferred.'"  Id. (citation omitted).

The purpose of allowing § 1983 retaliation claims is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006) (citing Crawford-El v. Britton, 523 U.S. 574, 588 n.10 (1998)).  However, some acts, even though they may be motivated by retaliatory intent, are so de minimis that they

would not deter the ordinary person from further exercise of his rights.  Id.  Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim.  Id.  For example, a job transfer from the commissary to the kitchen might be de minimis, while a transfer to a more dangerous unit might constitute an adverse retaliatory act.  Id. at 687.

First, Plaintiff has alleged his right of access to the courts, which is a specific constitutional right.  See Jackson, 864 F.2d at 1248-49.

Second, Plaintiff has established a prima facie case that Defendant had a retaliatory intent based on Plaintiff exercising his First Amendment right of access to the courts.  After Plaintiff filed grievances and a state lawsuit against Defendant, he alleges that she repeatedly denied his requests to be laid into the prison law library.  Plaintiff even claims that Warden Gutierrez and Warden Jackson both talked to Ms. Moore and instructed her to accept his lay-in requests, but she refused to follow their instructions.  Furthermore, since Plaintiff has filed this action against her, he alleges that Defendant has further impeded his access to the courts by only allowing him to review legal documents from the law library from 2:30 p.m. until 6:25 a.m. the next morning instead of a full 24 hours, denying him and other prisoners from holding mutual legal conferences to discuss their cases with each other, denying him and other prisoners advance sheets or pocket parts to update legal resources, and threatening to confiscate his legal documents pursuant to "ATC-040."  The timing of these actions and Plaintiff's litigation against Defendant creates an inference of retaliation by Defendant.  See Woods, 60 F.3d at 1166.

Third, Plaintiff has alleged retaliatory adverse acts that are more than inconsequential or de minimis and are capable of deterring a person of ordinary firmness from further exercising his constitutional rights.  Defendant is Plaintiff's link to the legal resources necessary for him to

exercise his rights in court.  To a large part, she controls how effectively Plaintiff can exercise those rights or whether he can exercise them at all.  The actions alleged by Plaintiff would make it difficult, if not impossible, for a prisoner to access the prison's legal resources in a reasonable manner and effectuate his rights.  If Defendant has denied Plaintiff access to the library, curtailed the amount of time he can review documents, chilled his ability to confer with other inmates, and threatened to take away his legal documents, Plaintiff would require extraordinary firmness to exercise his rights.

Fourth, however, Plaintiff has not demonstrated that all Defendant's actions would not have occurred but for her alleged retaliatory motive.  "Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order."  Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003) (citation omitted).  There are many penological reasons, with the prison's order in mind, that could have directed Defendant to act as she did even without any retaliatory intent.  Plaintiff has not met his burden for purposes of injunctive relief that Defendant's actions were unusual in any way.  Nor has he shown that he was treated any differently than other prisoners.  In fact, some of the actions he alleges, such as denying mutual conferences and legal updates, affect all prisoners and not just him.  Instead, Plaintiff's personal belief is the only thing he offers to indicate these actions are driven solely by retaliatory intent.

Accordingly, Plaintiff has failed to establish a substantial likelihood of success on the merits with regard to his retaliation claim.

2.      **Plaintiff's denial of access to the courts claim does not satisfy the substantial likelihood test.**

Prisoners have a constitutionally protected right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 350 (1996) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)).  That right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  Lewis, 518 U.S. at 356; see also Jones, 188 F.3d at 325 (the right provides a reasonable opportunity to file non-frivolous legal claims challenging convictions or conditions of confinement).  Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts.  Lewis, 518 U.S. at 351; Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (per curiam).  "Actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis, 518 U.S. at 348.  Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts.  Id. at 349.

Plaintiff has failed to demonstrate that he has been incapable of challenging sentences, confinement conditions, or constitutional violations.  Indeed, his state court claims and this present litigation prove the opposite: Plaintiff clearly has had some access to the courts.

Furthermore, Plaintiff has failed to establish that he suffered a cognizable injury.  He testified that his state court lawsuit was dismissed without prejudice, and he was able to appeal that decision.  He did not allege that the dismissal was caused by his not being able to participate in the case due to an inability to access the law library or research a claim.  As to any habeas

7

corpus filing, Plaintiff has not indicated that he has missed a filing deadline or failed to present a claim.  Plaintiff has not even demonstrated when his deadline would be for that matter.  Without an injury, Plaintiff has no standing with regards to this claim.

Accordingly, Plaintiff has failed to establish a substantial likelihood of success on the merits with regard to his denial of access to the courts claim.

**B.**      **Establishing A Substantial Threat That Plaintiff Will Suffer Irreparable Injury If The Injunction Is Denied.**

For an injunction to issue, "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."  Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985) (citation omitted).  An "actual injury" must be certain to occur. See Chriceol, 169 F.3d at 317 (addressing "actual injury") (citing Lewis, 518 U.S. at 351-54); see also United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2003) ("[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury.  *A presently existing actual threat must be shown*.  However, ... *a strong threat* of irreparable injury before trial is an adequate basis.") (emphases in original) (citation omitted).

With regard to Plaintiff's retaliation claim, there is a substantial threat he will suffer an irreparable injury if the injunction is denied.  Plaintiff alleges Defendant is retaliating against him for filing grievances and lawsuits against her, which he has a constitutionally protected right to do.  See Lewis, 518 U.S. at 350 (citing Bounds, 430 U.S. at 821).  If a prison official retaliates because of a prisoner's protected conduct, the retaliatory act itself is an injury.  See Wood, 60 F.3d at 1165 ("An action motivated by retaliation for the exercise of a constitutionally protected right is actionable....").  If Defendant is indeed retaliating against Plaintiff for filing grievances

and lawsuits against her, she is causing him injury.  Furthermore, because Plaintiff has been

unable to stop Defendant's actions through prison procedures, Plaintiff will likely continue to be

injured through Defendant's course of action if she is not enjoined by the Court.

 Accordingly, Plaintiff has established that he faces a substantial threat of irreparable

injury if he is denied injunctive relief for his retaliation claim.

 With regard to Plaintiff's denial of access to the courts claim, he has not demonstrated he

will suffer an irreparable injury if the injunction is denied.  To show an actual injury in this type

of claim, Plaintiff must indicate Defendant's actions are preventing him from meeting a filing

deadline or presenting a claim.  See Lewis, 518 U.S. at 348.  Understandably, Plaintiff seeks to

pursue litigation freely and without restraint.  However, the law clearly explains what constitutes

an injury in this field and Plaintiff has not shown the Court that any deadline has been missed or

is approaching, or that his ability to file claims has been thwarted.

 Accordingly, Plaintiff has failed to establish that he faces a substantial threat of

irreparable injury if he is denied injunctive relief for his denial of access to the courts claim.

**C.** **Plaintiff Has Not Established That The Threatened Injury To Himself Outweighs
The Harm The Injunction Would Cause Defendants Or The Public Interest.**

 Plaintiff has the burden of establishing all four prongs of the test for injunctive relief.

See Affiliated Prof'l Home Health, 164 F.3d at 285; Guy Carpenter, 334 F.3d at 464.  The third

and fourth prongs concern harm caused to defendants and the public interest by the injunctive

relief, see Affiliated Prof'l Home Health, 164 F.3d at 285, but here, Plaintiff has offered nothing

regarding these prongs.  When considering a preliminary injunction, a "court shall give

substantial weight to any adverse impact on public safety or the operation of a criminal justice

system caused by the preliminary relief...."  18 U.S.C. § 3626(a)(2).  Accordingly, Plaintiff has

not met his burden regarding the weighing of these harms.

### III.  CONCLUSION

Based on the foregoing, Plaintiff's motion for a preliminary injunction, (D.E. 49), and his

motion for a temporary restraining order, (D.E. 52), are denied.

Ordered this 8th day of October 2009.

_____

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE