IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDUARDO A. TREVINO | § | |
|     TDCJ-CID # 926058 | § | |
| v. | § | C.A. NO. C-09-155 |
| | § | |
| CANDACE MOORE | § | |

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.[1] Pending is Plaintiff's motion to reconsider the denial of his motions for injunctive relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (D.E. 70). For the reasons stated herein, Plaintiff's motion is hereby DENIED.

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted). Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits. Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted). To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of the need to correct a clear error of law, or present newly discovered evidence. Id. at 479.

In his motions for injunctive relief, Plaintiff requested that the Court enjoin Defendant to: (1) afford him at least 24 hours to review legal documents from the law library; (2) allow him to hold mutual legal conferences with other prisoners; (3) provide him with advance sheets or

---

[1] Upon consent of the parties, (D.E. 10, 38), this case was reassigned to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 41); see also 28 U.S.C. § 636(c).

pocket parts, or otherwise apprise him of updates in the law; and (4) cease using "ATC-040" to threaten to confiscate his legal documents.  (D.E. 49, 52).  These requests were associated with his underlying claims of retaliation and denial of access to the court, even though the latter was dismissed.  (D.E. 23).

To obtain a preliminary injunction or temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest."  Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam) (citation omitted); accord Libertarian Party of Tex. v. Fainter, 741 F.2d 728, 729 (5th Cir. 1984) (per curiam) (citation omitted); see also Parker v. Ryan, 960 F.2d 543, 545 (5th Cir. 1992) ("the requirements of rule 65 apply to all injunctions") (citation omitted).  Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance.  See Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997) (citation omitted).  Failure to establish any of the four elements will result in the motion for injunctive relief being denied.  Guy Carpenter & Co. v. Provenzale, 334 F.3d 459, 464 (5th Cir. 2003) (citation omitted).  The movant has the burden on all four elements.  Id.

In his pending motion, Plaintiff raises several claims of retaliation since the filing of this action.  (D.E. 70, at 2-3).  These claims are separate from the issues raised in motions for injunctive relief.  Taken as a whole and individually, they do not establish that Plaintiff has met the burden for injunctive relief regarding all four elements.

For example, Plaintiff complains about a "bogus disciplinary case" authorized by Defendant.  Id. at 2.  Generally, a civil rights action is not the proper vehicle for such a claim.  Instead, he must file a habeas petition first to challenge any disciplinary action.

Moreover, Plaintiff complains that Defendant's actions violate state law.  Id.  If that is the case, then he should notify the District Attorney for Bee County requesting that criminal charges be filed.  Similarly, he claims that Defendant's actions violate federal law.  Id.  Again, he should then notify the United States Attorney for the Southern District of Texas regarding the filing of criminal charges.

Plaintiff also alleges that Defendant is refusing to initiate paperwork necessary for his filing fee to be withdrawn from his inmate trust fund account.  He claims that she told him that she would not help him sue her and that she was trying to get his action dismissed.  Id. at 3.  The docket sheet for this action reveals that at least $15.00 has been deducted from Plaintiff's inmate trust fund account to pay the filing fee.

Based on the foregoing, Plaintiff's motion to reconsider the denial of his motions for injunctive relief, (D.E. 70), is denied.

Ordered this 29th day of October 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE