IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDUARDO TREVINO | § | |
|     TDCJ-CID # 926058 | § | |
| v. | § | C.A. NO. C-09-155 |
| | § | |
| CANDACE MOORE | § | |

**OPINION DENYING PLAINTIFF'S MOTIONS TO
AMEND OR ALTER THE JUDGMENT AND FOR A NEW TRIAL**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending are Plaintiff's motions to amend or alter the judgment, (D.E. 136), and for a new trial.[1] (D.E. 137). Pending also is Plaintiff's motion for leave to amend the motion for a new trial. (D.E. 138). For the reasons stated herein, Plaintiff's motions are hereby DENIED.

**I. BACKGROUND**

On June 22, 2009, Plaintiff filed this action raising civil rights claims against prison officials at the McConnell Unit in Beeville, Texas. (D.E. 1). On August 5, 2009, an Order was entered to dismiss certain claims and retain the case. (D.E. 23). The only claim retained was a retaliation claim against Defendant Candace Moore, the prison law librarian. Id. (D.E. 25). He claimed that Defendant had retaliated against him by not allowing him in the prison law library after he filed a lawsuit and grievances against her. (D.E. 1).

In June 2009, Defendant began enforcing a rule at the prison law library requiring prisoners to fill out their I-60 lay-in requests, which were used to gain access to the law library, with their job assignments as they appeared on the library's UCR screen. (D.E. 107, Ex. A at 1-2). This enforcement was done to prevent prisoners from submitting fraudulent requests under

---

[1] This case never reached trial, and Plaintiff states that his motion for a new trial "must be taken as a 'Motion to Reconsideration' [sic]." (D.E. 137, at 1) (emphasis in original). Accordingly, Plaintiff's motion for a new trial, id., is construed as a brief in addendum to his motion to amend or alter. (D.E. 136).

other prisoners' names, which posed a security threat to prisoners and library safety, and caused delays.  Id.

Beginning with a request for a lay-in on June 9, 2009, the prison law library began denying Plaintiff's requests for listing what Defendant viewed as an incorrect work assignment. (D.E. 110, Ex. C at 32).  In total, from June 9, 2009 through July 2, 2009, Defendant denied twenty-one of Plaintiff's requests, all of which specified his work assignment as "1st Garment," or some variation thereof.  Id. at 32, 35; (D.E. 1, at 7-16, 21-22); (D.E. 18, at 20-26, 36-47, 52). According to information listed on Defendant's UCR screen, Plaintiff's work assignment was actually "production tech 1st."  (D.E. 107, Ex. A at 2).  At least one other inmate, Tony Chavez, was also denied access to the law library around the same time because he listed a work assignment other than one listed for him on Defendant's UCR screen.  (D.E. 79, at 5).

When Plaintiff received his denied requests, some had instructions written on them by someone in the prison law library.  The June 10, 2010 form had his work assignment circled and written next to it was "Incorrect job information" and "Resubmit."  (D.E. 1, at 21).  The June 11, 2009 form also had his work assignment circled and written beneath it was "offender's work assignment is production tech 1st" and "unable to process not correct info."  (D.E. 110, Ex. C at 32).  The June 28, 2009, June 30, 2009, and July 2, 2009 requests explained that requests with incorrect information would be denied, and to resubmit his request with his correct job assignment.  (D.E. 18, at 20, 24, 26).  The July 2, 2009 request was also marked with "Production Tech 1st," which was circled.  Id. at 20.  Conversely, Plaintiff submitted one request during that time period – for June 12, 2009 – that was approved even though it included his incorrect work assignment.  (D.E. 110, Ex. C at 33, Ex. D at 7).  Additionally, he twice

submitted requests during that period – for July 12 and 13, 2009 – on which he listed his work assignment as "production tech 1st." (D.E. 1, at 17-20). Both were approved and Plaintiff was admitted to the law library those days. Id.

In response to a grievance Plaintiff filed on June 12, 2009 complaining that Defendant was wrongly denying his admission requests, Warden Jackson instructed Defendant no later than July 2, 2009 to accept Plaintiff's law library requests with whatever work assignment he had been using. (D.E. 110, Ex. C at 29, 42-43). Subsequently, in the month of July 2009, Plaintiff's requests for the 3rd, 9th, 10th, and 24th were approved while ones for the 7th, 8th, and 11th were not. (D.E. 17, at 1); (D.E. 18, at 5, 7-11, 13-14, 17-19, 28-29); (D.E. 110, Ex. D at 13). In August 2009, he was admitted on the 11th, 12th, 14th, and 15th, but denied on the 13th. (D.E. 110, Ex. C at 73, 80-85). In September 2009, he was admitted on the 3rd, 4th, 5th, 9th, 10th, and 11th, but denied on the 29th. Id. at 14-21; (D.E. 18, at 32-33). The reasons for the denials in July, August, and September are unknown. Additionally, he was admitted on January 29, 2010. (D.E. 126, at 4).

Besides Plaintiff's June 12, 2009 grievance, he has filed one state civil suit and over thirty prison grievances against Defendant. (D.E. 79, at 4-5). It is unclear when the lawsuit was originally filed, but Plaintiff's appeal in the case was dismissed on July 29, 2008. (D.E. 21, at 8-9). Defendant was unaware of the lawsuit, but did know about the grievances. (D.E. 107, Ex. A at 2).

In addition to denying Plaintiff access to the law library, and in response to Plaintiff's requests for materials submitted between January 2, 2010 and January 8, 2010 while the McConnell Unit was on lock-down, Defendant delivered the wrong library materials to Plaintiff

and removed the correct materials before a full twenty-four hours transpired. (D.E. 124, at 6-8). He further alleges that on January 6, 2010, Major Jesus Ambriz confiscated his typewriter and typing supplies. (D.E. 123, at 3). He also claims that Defendant denied him copies of decisions when the McConnell Unit was on lock-down starting December 25, 2009. (D.E. 124, at 1-2).

On November 4, 2009, Plaintiff filed a motion for summary judgment, (D.E. 79), and Defendant filed a response and cross-motion for summary judgment on January 4, 2010. (D.E. 107). On February 11, 2010, Plaintiff's motion was denied, Defendant's motion was granted, (D.E. 128), and final judgment was entered. (D.E. 129).

## II.  DISCUSSION

In the pending motions, Plaintiff asserts that summary judgment should not have been granted for Defendant because there is a genuine issue of material fact regarding the penological interest behind Defendant's rule. (D.E. 136, at 2-3). Furthermore, he asserts that there is no genuine penological interest, which should preclude Defendant from asserting qualified immunity. Id. at 3-6. Additionally, he claims new instances of retaliation, and that he has exhausted his administrative remedies. Id. at 6-7; (D.E. 137, at 9).

Simultaneously, Plaintiff requests that the Court find that an issue of fact does exist and reject its earlier grant of summary judgment for Defendant, or, alternatively, grant his motion for summary judgment. Id. at 1. Moreover, he requests a hearing to address this issue of fact. Id. at 7.

**A.     Plaintiff's Motion Is Timely.**

A motion to alter or amend a judgment is timely "filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). Final judgment was entered on February 11, 2010. (D.E.

4

129).  Plaintiff's motion was filed with this Court on February 25, 2010, (D.E. 136), and, thus, was timely filed.

**B.     Legal Standard For Relief Pursuant To Rule 59.**

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'"  Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted); accord Kossie v. Crain, 602 F. Supp. 2d 786, 793 (S.D. Tex. 2009) (citation omitted).  Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits.  Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted); accord Kossie, 602 F. Supp. 2d at 793 (citation omitted).  To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of the need to correct a clear error of law, or present newly discovered evidence.  Id. at 479.

**C.     Defendant Had A Valid Penological Interest In Denying Plaintiff's Lay-In Requests.**

Plaintiff attacks the decision to grant Defendant's motion for summary judgment and argues that summary judgment never should have been granted because there was a genuine issue of fact regarding the penological motive behind Defendant's rules for lay-in requests.  In making this motion, Plaintiff has only rehashed the same facts and arguments that were presented when Defendant's summary judgment motion was granted.  Those facts established that Defendant did not act with retaliatory intent in denying Plaintiff access to the law library, and even if she did, it would not have been the "but for" cause in denying Plaintiff access.  (D.E. 128, at 13); see also McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir. 1998) ("Causation

5

requires a showing that 'but for the retaliatory motive the complained of incident ... would not have occurred.'") (citation omitted).

Defendant required lay-in requests to be filled out correctly to reduce fraudulent requests, which in turn would ensure prisoner safety and improve administration of the law library. (D.E. 107, Ex. A at 1-2). Plaintiff asserts that this reasoning has no penological interest, and that anytime he was denied access to the law library because of Defendant's rule was an impingement upon his constitutional rights. He further asserts that without evidence of past fraudulent requests, Defendant's interest is invalid. Defendant did not have to establish proof of past frauds as Plaintiff contends. Instead "[p]rison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003) (citation omitted). Furthermore, Plaintiff has advanced no new set of facts or arguments, or shown that the Court was in clear error of law in granting summary judgment. Accordingly, Defendant had a valid penological interest in requiring prisoners to fill out lay-in requests correctly, and denying Plaintiff access when he did not comply.

**D.     Defendant Was Entitled To Qualified Immunity.**

Plaintiff also attacks the finding that Defendant was entitled to qualified immunity. However, Defendant's immunity was presumed once she asserted it, and it was Plaintiff's burden to establish that she was not entitled to it. See McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam) (citation omitted). He failed in that respect because he never established that a constitutional violation had occurred, which would have been necessary to attack Defendant's immunity defense. Atteberry v. Nocana Gen. Hosp., 430 F.3d

245, 253 (5th Cir. 2005); Pearson, 555 U.S. at __, 129 S. Ct. at 818 (receding from Saucier v. Katz, 533 U.S. 194 (2001)).  Furthermore, Plaintiff has advanced no new set of facts or arguments, or shown that the Court was in clear error of law in upholding qualified immunity.  Accordingly, Defendant was entitled to qualified immunity.

**E.     Plaintiff's "Other Acts Of Retaliation" Are Not Reviewable Through This Motion.**

Plaintiff chose to rehash in this motion multiple facts or instances of retaliation he had already raised before this case was dismissed on summary judgment.  See (D.E. 136, at 6-7), (D.E. 137, at 7); see also (D.E. 79, Ex. B), (D.E. 101, at 12, 16), (D.E. 110, Ex. C at 24-26), (D.E. 123, at 3).  Specifically, these include (1) Major Ambriz confiscating his typewriter, (2) an e-mail from Defendant, which he alleges shows that he always filled out his lay-in requests correctly, and (3) claims of retaliation against prisoners Tony Chavez, Charles Sullivan, and Gregory Green.  Because this evidence was reviewed by the Court before summary judgment was granted, review pursuant to Rule 59(e) is unavailable.

Additionally, Plaintiff makes two new claims of retaliation: (1) that Defendant schedules him for library access on Fridays during his work hours, and (2) that Defendant has friends turn off certain lights in the law library, preventing Plaintiff from using the largest tables in the law library. (D.E. 136, at 6-7).  These claims do not relate directly to his underlying claims, and are, therefore, not reviewable through Rule 59(e).  Furthermore, these instances do not constitute retaliation because Plaintiff has not suffered an injury.  The right of access is not a "freestanding right," and a plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts.  Lewis v. Casey, 518 U.S. 343, 351 (1996); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (per curiam).  "Actual injury" is "actual prejudice with respect to contemplated

or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348.  Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts.  Id. at 349.

All Plaintiff has shown is that he has been scheduled library access on an unknown number of Fridays when he was already scheduled to work, and that certain lighting in the library situated near the largest tables does not function.  Presumably, Plaintiff has not encountered scheduling problems on days other than Fridays, and he indicates that he is still able to use smaller tables in the library.  He does not allege any missed deadlines, or being prevented from presenting a claim.  Rather, he complains of mere discomfort and a few inconveniences.

**F.     Exhaustion Of Plaintiff's Claims Was Never Considered By This Court.**

Plaintiff asserts that his claims were properly exhausted when they reached this Court. (D.E. 137, at 9).  However, exhaustion is an affirmative defense that must be asserted by a defendant before it must be proven.  Jones v. Bock, 549 U.S. 199, 216 (2007).  Defendant never claimed this defense.  Furthermore, Plaintiff's claims were not dismissed on exhaustion grounds. Accordingly, this argument is not proper for Rule 59(e) review.

**G.     Plaintiff's Motion For Leave To Amend Is Without Merit.**

Plaintiff seeks to amend his motion for a new trial based on an allegation of retaliation by inmate David Douglas against Defendant. (D.E. 138).  Specifically, he alleges that an investigation of Defendant has been initiated in an action filed by Mr. Douglas.  See Douglas v. Thaler, C-09cv131.  That action is a habeas petition challenging a disciplinary proceeding in which his claims were dismissed for failure to state a claim and final judgment was entered.  It has no bearing on Plaintiff's action.  Accordingly, Plaintiff's motion for leave to amend is

8

meritless.

### III.  CONCLUSION

Based on the foregoing, Plaintiff's motion to amend or alter the judgment, (D.E. 136), and motion for a new trial, (D.E. 137), are denied.  Plaintiff's motion for leave to amend the motion for a new trial, (D.E. 138), is also denied.

Ordered this 10th day of March 2010.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE