IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDUARDO TREVINO | § | |
|     TDCJ-CID # 926058 | § | |
| v. | § | C.A. NO. C-09-155 |
| | § | |
| CANDACE MOORE | § | |

## OPINION DENYING PLAINTIFF'S MOTION FOR TRANSCRIPT

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for access to the appellate record. (D.E. 144). Specifically, he requests the transcript from a July 22, 2009 Spears[1] telephonic hearing and a November 17, 2009 telephonic hearing regarding a sanctions motion as well as various documents and exhibits filed with the Clerk's Office. He also requests a hearing regarding his motion.

This Court may order the preparation of a transcript, if it is deemed that such transcript is necessary. 28 U.S.C. § 1915(c). However, federal law dictates that "[f]ees for transcripts furnished in ... proceedings to persons permitted to appeal in forma pauperis shall ... be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).

The Fifth Circuit has explained that "[i]n order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal." Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997) (citing Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985)). The Norton court determined that prisoners proceeding in forma pauperis are not necessarily entitled to the transcripts of their Spears hearings. See id.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Plaintiff was present for both telephonic hearings.  He has failed to specify how the transcript is necessary to effectively litigate his appeal.  Additionally, he has already received various documents filed in this action, or had access to documents that he filed.  Again, he has failed to specify why he needs various documents and exhibits to litigate his appeal.  The Clerk of the Court will forward the district court record to the United States Court of Appeals for the Fifth Circuit consistent with Rule 11 of the Federal Rules of Appellate Procedure.

Accordingly, plaintiff's motion for access to the appellate record, (D.E. 144), is DENIED.  Additionally, plaintiff's request for a hearing is also DENIED.

ORDERED this 24th day of March 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE