IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDUARDO TREVINO | § | |
|     TDCJ-CID # 926058 | § | |
| v. | § | C.A. NO. C-09-155 |
| | § | |
| CANDACE MOORE | § | |

**<u>OPINION DENYING PLAINTIFF'S MOTIONS FOR TRANSCRIPT</u>**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's second motion for access to the appellate record. (D.E. 154).[1] Specifically, he requests the transcript from a July 22, 2009 <u>Spears</u>[2] telephonic hearing and a November 17, 2009 telephonic hearing regarding a sanctions motion as well as various documents and exhibits filed with the Clerk's Office. Pending also is plaintiff's motion to borrow the appellate record. (D.E. 155).

This Court may order the preparation of a transcript, if it is deemed that such transcript is necessary. 28 U.S.C. § 1915(c). However, federal law dictates that "[f]ees for transcripts furnished in ... proceedings to persons permitted to appeal <u>in forma pauperis</u> shall ... be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).

The Fifth Circuit has explained that "[i]n order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal." <u>Norton v. Dimazana</u>, 122 F.3d 286, 293 (5th Cir. 1997) (citing <u>Harvey v. Andrist</u>, 754 F.2d 569, 571 (5th Cir. 1985)). The <u>Norton</u> court determined that

---

[1] Plaintiff's first such motion was denied. <u>See</u> <u>Trevino v. Moore</u>, No. C-09-155, 2010 WL 1169782 (S.D. Tex. Mar. 24, 2010) (unpublished).

[2] <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).

prisoners proceeding in forma pauperis are not necessarily entitled to the transcripts of their Spears hearings. See id.

The Clerk of the Court will forward the district court record to the United States Court of Appeals for the Fifth Circuit consistent with Rule 11 of the Federal Rules of Appellate Procedure. If the Fifth Circuit determines that transcripts are necessary, that court will order that they be transcribed and made available to the parties.

Accordingly, plaintiff's second motion for access to the appellate record, (D.E. 154), is DENIED. Additionally, the plaintiff's motion to borrow the appellate record seems to be designed to circumvent Norton. Accordingly, plaintiff's motion to borrow the appellate record, (D.E. 155), is DENIED.

ORDERED this 12th day of April 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE